STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION

| | |
|---|---|
| The Estate of ERNESTINE COMACHO, by and through its Administrator, Hilda Gutierrez,<br><br>   Plaintiff,<br><br>       v.<br><br>SSC WESTCHESTER OPERATING COMPANY, LLC. d/b/a Westchester Health & Rehabilitation Center<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   No.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, The Estate of ERNESTINE COMACHO, by and through its Administrator, Hilda Gutierrez, and as and for its complaint against the Defendant SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH AND REHABILITATION CENTER, a Delaware corporation, states as follows:

### COUNT I

### Violation of Nursing Home Care Act

1. That on and prior to July 14, 2008, Defendant was a Delaware corporation in the business of owning, managing and staffing a long-term care facility ("Facility") located at 2901 S. Wolf Road, Westchester, County of Cook, State of Illinois.

2. That on and prior to May 9, 2010 Ernestine Camacho (hereinafter referred to as "Plaintiff") was a resident of the Facility owned, managed and staffed by Defendant.

3. That while a resident of the Facility, Plaintiff had a history of falls, diabetes, and spinal stenosis.

EXHIBIT A

4. That the agents, servants, and employees of Defendant were aware of Plaintiff's medical history set forth in paragraph 3, above and before May 9, 2010.

5. On or about May 9, 2010, while a resident of the Facility, the Plaintiff called out for assistance in ambulating from the toilet back to her bed, at which time while being assisted off of the commode by the Facility's agent(s), servant(s) and/or employee(s), Plaintiff fell to the ground causing her to sustain severe bodily injuries including but not limited to a fractured right ankle which required surgical repair.

6. Upon returning to the facility after surgery on her right ankle, over the course of several weeks, Plaintiff developed cellulitis at the site of the surgical wound, necessitating removal of the hardware implanted during the initial surgery and further surgical repair the right ankle.

7. Thereafter, over the course several weeks Plaintiff's condition worsened and on August 24, 2010, she passed away.

8. That at all times relevant to this complaint, there was in effect in the State of Illinois the Nursing Home Care Act (210 ILCS 45/1-101 et. seq.).

9. Section 45/2-107 of the Nursing Home Care Act (210 ILCS 45/2-107) states in part as follows:

> An owner, licensee, administrator, employee, or agent of a facility shall not abuse or neglect a resident.

10. Under the Nursing Home Care Act, "neglect" means a failure to provide adequate medical or personal care or maintenance, which failure results in physical or mental injury to a resident or the deterioration of a resident's physical or mental condition.

11. That notwithstanding its duty to refrain from abusing and neglecting Plaintiff, Defendant by and through its agents, servants and employees was then and there guilty of one or more of the following:

   a. Failed to properly monitor the likely event of Plaintiff falling, given the Plaintiff's medical history as set forth in paragraph 3, above;

   b. Failed to properly supervise Plaintiff given Plaintiff's medical history as set forth in paragraph 3, above;

   c. Failed to provide proper staff capable of assisting Plaintiff from the bathroom;

2

000091

    d. Failed to properly care for and supervise Plaintiff during her period of recovery following the initial surgical repair of her fractured right ankle.

12. That the conduct of the agents, servants and employees of Defendant described above was in violation of 210 ILCS 45/2-107.

13. That pursuant to 210 ILCS 45/3-601, the owner and licensee of the long-term care facility is liable to Plaintiff for any intentional or negligent act or omission to act of their agents, servants or employees which cause injury to the resident.

14. That pursuant to 210 ILCS 45/3-602, Defendant is liable to pay attorney fees and costs incurred by Plaintiff in the prosecution of this action.

15. That as a direct and proximate result of the injury suffered by Plaintiff, she experienced pain and suffering and expended sums of money in efforts to obtain medical care and treatment.

For these reasons, Plaintiff, asks this Court to enter judgment in its favor and against Defendant, in a sum exceeding $50,000.00.

## COUNT II
### Negligence

1-7. Plaintiff repeats and re-allegation contained in Paragraphs 1 through 7 of Count I as and for Paragraphs 1-7 of this Count II.

8. That at all times relevant to this complaint, it was the duty of Defendant, by and through its agents, servants and employees to exercise reasonable care and a caution in the provision of long-term healthcare services to Plaintiff while he was a resident at Facility.

9. That notwithstanding its duty described above, Defendant by and through its agents, servants, and employees was then and there guilty of one or more of the following:

    a. Failed to properly monitor the likely event of Plaintiff falling, given the Plaintiff's medical history as set forth in paragraph 3, above;

    b. Failed to properly supervise Plaintiff given Plaintiff's medical history as set forth in paragraph 3, above;

    c. Failed to provide proper staff capable of assisting Plaintiff from the

3

bathroom;

d. Failed to properly care for and supervise Plaintiff during her period of recovery following the initial surgical repair of her fractured right ankle.

10. That as a direct and proximate result of one or more of the aforementioned negligent acts or omissions to act, Plaintiff fell to the ground causing her to sustain severe bodily injuries including but not limited to a fracture of her right ankle and subsequent post-surgical infection, and ultimately death as a result of which Plaintiff experienced pain and suffering and expended sums of money in efforts to obtain medical. care

For these reasons, Plaintiff, asks this Court to enter judgment in its favor and against Defendant, in a sum exceeding $50,000.00.

## COUNT III
## Wrongful Death

1-10 Plaintiff repeats and re-alleges Paragraphs 1 though 10 of Count II of this Complaint as and for paragraph 1 through 10 of this Count III.

11. That the death of Ernestina Comacho was directly and proximately caused by the wrongful acts and neglect of the Defendant.

12. That on November 19, 2010, an estate in the name of the decedent, Ernestina Comacho was opened in the probate Division of the Circuit Court of Cook County, Illinois, and Letters of Office issued to Hilda Gutierrez, a surviving daughter of the decedent.

13. Ms. Gutierrez hereby makes this claim for damages on behalf of the Estate of Ernestina Comacho pursuant to the Illinois Wrongful death Act (740 ILCS 180 et. seq.).

For these reasons, Plaintiff, asks this Court to enter judgment in its favor and against Defendant, in a sum exceeding $50,000.00.

4

Respectfully submitted,

The Estate of Ernestine Camacho

BY: _____
Richard M. Goldman

RICHARD M. GOLDMAN
Attorney for Plaintiff
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
Atty. No. 32565

5

000094

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that (s)he verily believes the same to be true.

By: *Hilda Gutierrez* (signature)
Hilda Gutierrez, Independent
Administrator of the Estate of
Ernestine Camacho

(Rev. 12/7/00) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

Estate of Ernestine Comacho v. SSC Westchester Operating Co.

No. _____

### CIVIL ACTION COVER SHEET

A Civil Action Cover Sheet shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate general category and then check the subcategory thereunder, if applicable, which best characterizes your action.

- ☐ Jury Demand - Fee Paid
- ☐ Jury Demand - No Fee Required

☐ **PERSONAL INJURY/WRONGFUL DEATH**

- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☒ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  (Please Specify)

- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

☐ **PROPERTY DAMAGE**
**LEGAL MALPRACTICE**

☐ **TAX & MISCELLANEOUS REMEDIES**

- ☐ 007 Confession of Judgment
- ☐ 008 Replevin
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 018 Distress for Rent
- ☐ 029 Unemployment Compensation
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

☐ **COMMERCIAL LITIGATION**

- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  (Please Specify)

- ☐ 075 Other Commercial Litigation
  (Please Specify)

- ☐ 076 Retaliatory Discharge

☐ **077 LIBEL/SLANDER**

☐ **OTHER ACTIONS**

- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

By: _____ (Attorney) ~~(Pro Se)~~

☐ PLEASE CHECK IF THIS IS A SUBROGATION ACTION

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

000096



# SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS
## AFFIDAVIT OF SERVICE



*0015342 1*

CASE NUMBER: 10L14384   MULT SER. 1   DOC. TYPE: LAW

**DIE DATE:** 01/13/2011   **RECEIVED DATE:** 12/29/2010   **FILED DATE:** 12/21/2010   **DIST:** 604 DC

**DEFENDANT**
SSC WESTECHESTER OPERATING CO LLC
208 S LA SALLE ST
CHICAGO, IL 60604
STE 814

**PLANTIFF**
ESTATE OF CAMACHO

**ATTORNEY**
GOLDMAN RICHARD M
555 SKOKIE BOULEVARD
NORTHBROOK, IL 60062
(847) 480-1020

**ATTACHED FEE AMOUNT:**
**SERVICE INFORMATION:** R/A CT CORPORATION SYSTEM

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

___ **(1) PERSONAL SERVICE:**
BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

___ **(2) SUBSTITUTE SERVICE:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE ___ DAY OF _____ 20____.

___ **(3) UNKNOWN OCCUPANTS:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

X **(4) CORP/CO/BUS/PART:**
BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ___ X COMPANY ___ BUSINESS ___ PARTNERSHIP ___

___ **(5) PROPERTY RECOVERED:**
NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

___ **(6) S.O.S./D.O.I.:**
BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

___ **(7) CERTIFIED MAIL**

***** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT *****

___ **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20_____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

___ (01) NO CONTACT          ___ (05) WRONG ADDRESS          ___ (09) DECEASED
___ (02) MOVED               ___ (06) NO SUCH ADDRESSS       ___ (10) NO REGISTERED AGENT
___ (03) EMPTY LOT           ___ (07) EMPLOYER REFUSAL       ___ (11) OUT OF COOK COUNTY
___ (04) NOT LISTED          ___ (08) CANCELLED BY PLAINTIFF ATTY   ___ (12) OTHER REASON (EXPLAIN)

**EXPLANATION:**

**WRIT SERVED ON:** T. JINA - AP
**SEX:** M /(F)   **RACE:** H   **AGE:** 36
**THIS** 5 **DAY OF** JAN, 20 11
**THOMAS J. DART**
**SHERIFF, BY:** _____ **DEPUTY**

**DATE** JAN -5   **TIME** 10:15 (AM/PM)   **STAR #** 10104

**ATTEMPTED SERVICES**

MAL741000097

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

1-13

(8/01/08)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Law DIVISION

No. 2010 L 14384

SSC Westchester Operating Co LLC
Please serve:
C/O
Paul H. Schrank II
SSC Westchester Operating Co., L
1 Ravinia Drive, Suite 1500
Atlanta, GA 30346
Registered Agent
CT Corporation System
208 S. LaSalle #814
Chicago, Illinois
60604-1101

Estate of Camacho

(Name all parties)

v.

SSC Westchester Operating Company, LLC

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

DEC 2 1 2010

Atty. No.: 32565
Name: Richard M. Goldman
Atty. for: Plaintiff
Address: 555 Skokie Blvd., Suite 500
City/State/Zip: Northbrook, IL 60062
Telephone: (847) 564-7019

WITNESS, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

000098